IN IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Steve Jenkins, | ) | C/A No.: 1:21-557-HMH-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Food Service Administrator and Cook Supervisor, | ) | |
| Defendants. | ) | |

Steve Jenkins ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), asserting violations of the First Amendment, the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*, and the policies of the Bureau of Prisons ("BOP"). Plaintiff alleges that while incarcerated at the Federal Correctional Institution in Estill, South Carolina ("FCI-Estill"), a facility of the BOP, he was served pork while on institutional lockdown during Ramadan in 2019 in violation of his rights. Plaintiff asserts his claims against Michael Potts, Food Service Administrator ("Defendant"), and an unknown Cook Supervisor.

This matter comes before the court on Defendant's motion to stay, Plaintiff's motion to amend, and Plaintiff's motion for extension of time. [ECF

Nos. 26, 27, 28].[1]

First, Defendant seeks an order staying discovery in this case. Defendant argues Plaintiff's discovery requests seek information (1) that is improper for Defendant to release and may only be provided by the United States pursuant to the Freedom of Information Act, (2) that is not in Defendant's personal possession, custody, or control, but is in the exclusive control of BOP, and (3) that may be prohibited from disclosure based on the requirements found in 28 C.F.R. §§16.21 through 16.24. [ECF No. 26 at 2]. However, a review of Plaintiff's discovery requests indicate that not all information sought by Plaintiff falls into these categories. [*See, e.g.*, ECF No. 26-2 ("How long have you been a food service administrator")]. Additionally, Defendant's arguments do not support a general motion to stay discovery, but are instead objections to the scope of Plaintiff's discovery requests.[2]

Defendant additionally argues discovery should be stayed because he has asserted a qualified immunity defense. As relevant here, Defendant, in

---

[1] Also pending before the court is Defendant's motion to dismiss or, in the alternative, motion for summary judgment. [*See* ECF No. 23]. This motion has not been fully briefed.

[2] None of the cases cited by Defendant addresses motions to stay discovery. *See Johnson v. Santini,* C/A No. 13-02664-REB-NYW, 2015 WL 1806328, at *6 (D. Colo. Apr. 17, 2015) (granting in part and denying in part a motion to compel and directing Plaintiff to serve any subpoena on the BOP or file an appropriate request for the records sought pursuant to the Freedom of Information Act); *Terrell v. Rupert,* C/A No. 7:11-00024, 2011 WL 6046618, at *10 (W.D. Va. Dec. 5, 2011) (denying plaintiff's specific request for records

2

his motion to dismiss/motion for summary judgment, argues first that there is no First Amendment *Bivens* remedy because it is barred by *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). [ECF No. 23 at 18–24]. In so arguing, Defendant does not address the merits of any such claim, arguing only that it cannot be brought. Next, Defendant includes a boiler-plate recitation of a qualified immunity defense, concluding that Plaintiff has failed to establish that Defendant's conduct violated a clearly-established constitutional right. *Id.* at 24–27. Defendant provides no analysis specific to this case.

Qualified immunity "shields government officials from civil liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Trulock v. Freeh*, 275 F.3d 391, 399 (4th Cir. 1993) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Here, Defendant has not addressed his conduct vis-à-vis Plaintiff's constitutional rights, and as such, the court finds the boilerplate defense is insufficient reason to stay discovery. Accordingly, Defendant's motion to stay is denied.

Turning to Plaintiff's motions, first Plaintiff seeks to amend his complaint, stating in part as follows: "The Plaintiff in his original complaint named [Defendant] improperly trained and supervised his staff. Since the filing of the complaint, the Plaintiff has determined that [Defendant] in his

---

that were not in defendants' control or custody).

3

individual capacity was improperly trained." [*See* ECF No. 27]. Although leave to amend shall be freely given when justice so requires, here, Plaintiff has failed to submit a proposed amended complaint, and the court cannot discern the amendment Plaintiff is seeking sufficient to grant his motion.[3] *See, e.g., Mena v. Lack's Beach Serv., Inc.*, C/A No. 4:06-2536-TLW-TER, 2007 WL 9753156, at *7 (D.S.C. June 11, 2007) ("Plaintiff failed to submit with its motion a copy of the proposed amended complaint. This alone is grounds for denial of the motion."). Accordingly, Plaintiff's motion to amend is denied without prejudice.

Also pending before the court is Plaintiff's motion for extension of time, which seeks a 60-day extension to respond to Defendant's motion to dismiss/summary judgment because (1) Plaintiff is currently housed at a Federal Correctional Institution in Florida, (2) he is awaiting discovery responses from Defendant, and (3) he "need[s] to serve unknown cook." [ECF No. 28]. Given the court's ruling concerning Defendant's motion to stay, the

---

[3] It appears Plaintiff seeks to include allegations against Defendant that not only did he fail to properly train his staff and oversee the meal on the day in question, allegations Plaintiff has asserted in his complaint [*see* ECF No. 9 at 5], but also that Defendant personally acted. The undersigned notes that Defendant has stated that "[i]n his role as Food Service Administrator, [he] ordered [the] beef sausage" at issue and "ordered the beef sausage to be served as a no-pork entrée with the impression and belief that the product was all beef." [ECF No. 23 at 6–7]. The undersigned further notes, however, that this section of Defendant's brief cites to Defendant's declaration that appears to be missing two pages. [*See* ECF No. 23-1].

4

court grants Plaintiff's motion to provide sufficient time for Defendant to respond to Plaintiff's discovery requests and for Plaintiff to respond to Defendant's motion to dismiss/summary judgment.

In sum, the court denies Defendant's motion to stay discovery [ECF No. 26], denies Plaintiff's motion to amend [ECF No. 27], and grants Plaintiff's motion for extension of time [ECF No. 28], directing Plaintiff to respond to Defendant's motion to dismiss/summary judgment no later than August 17, 2021. Defendant is directed to respond to Plaintiff's discovery forthwith, but no later than July 19, 2021.

IT IS SO ORDERED.

June 21, 2021  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge